# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CAPITAL & SECURITY MANAGEMENT, INC. et al.** <br><br> v. <br><br> **ROBERT TELTHORSTER** <br> *Power of Attorney for Audrey L. Lucker* | **CIVIL ACTION** <br><br> **NO. 19-CV-1677** |

**Baylson, J.** October 3, 2019

## MEMORANDUM

Presently before the Court is a Motion to Dismiss an Amended Petition to Vacate an Arbitration Award. The brief procedural history of this case establishes that the Respondent entered into an investment contract with the Petitioners dated December 12, 2002. (ECF 7, Am. Pet. to Vacate Arbitration Award Ex. E.) After the dispute arose, both parties agreed to submit the dispute to arbitration before the federal Financial Industry Regulatory Authority's ("FINRA") Office of Dispute Resolution. (Am. Pet. to Vacate Arbitration Award Ex. A.) The arbitrators made an award in favor of the Respondent in the amount of $326,000. (Am. Pet. to Vacate Arbitration Award Ex. D.) Petitioners seek to set aside that award as improper under federal law. Upon review of the Amended Petition and the supporting Exhibits, the Court finds that the binding arbitration agreement is an undisputed fact, and that the arbitrator's award was entered after the hearing.

Petitioners base their Amended Petition on the allegation that the award by the arbitrators was contrary to federal law.

The parties agree that the Motion to Dismiss is a "facial attack" on the jurisdiction of this Court, which must be decided by taking the allegations of the Amended Petition in the light most favorable to the Petitioners in determining whether it states a claim under law.

The Respondent asserts that the agreement to arbitrate was binding and that this Court does not have subject matter jurisdiction.

Upon review of the papers, the Court agrees with the Respondent that this Court does not have jurisdiction. The Federal Arbitration Act ("FAA") reflects a strong federal policy favoring arbitration that requires courts to "rigorously enforce agreements to arbitrate." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 221 (1985). Because Section 10 of the FAA explicates the four exclusive grounds for vacatur of an arbitration award, district court review of arbitration awards is "extremely deferential." Dluhos v. Strasberg, 321 F.3d 365, 370 (3d Cir. 2003); see also 9 U.S.C. § 10 (listing grounds for vacatur). Indeed, the Third Circuit has advised that "[t]he net result of a court's application of [9 U.S.C. § 10] is generally to affirm easily the arbitration award." Dluhos, 321 F.3d at 370 (emphasis added).

Petitioners urge vacatur because, in their view, the arbitrator's decision "willfully flouted the law" in manifest disregard for the law. (Am. Pet. to Vacate Arbitration Award ¶ 48.) The Third Circuit has not taken a position on whether manifest disregard for the law constitutes grounds for vacating an arbitration award in the wake of the Supreme Court's decision in Hall Street Associates, LLC v. Mattel, Inc., 552 U.S. 576 (2008). Whitehead v. Pullman Grp., LLC, 811 F.3d 116, 121 (3d Cir. 2016); see also Sabre GLBL, Inc. v. Shan, No. 18-2144, 2019 WL 2880999, at *3 (3d Cir. July 3, 2019) (noting, but declining to take a position on, the continuing vitality of manifest disregard for the law). However, even assuming an arbitrator's manifest disregard for the law would support vacatur, Petitioners have not established that the arbitrator's decision warrants relief under this standard. See, e.g., Local 863 Int'l Bros. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Jersey Coast Egg Producers, Inc., 773 F.2d 530, 534 (3d Cir. 1985) (finding that an arbitrator's refusal to consider the possible collateral estoppel effect of a

misdemeanor conviction did not justify vacatur, because it was "the decision of the arbitrator, and the arbitrator alone, whether the misdemeanor conviction constitute[d] just cause for the dismissal under the terms of the … agreement"). Petitioners have not identified a clearly governing legal principle that the arbitrator chose to ignore; therefore, there is no basis to grant Petitioners' request for vacatur.

In sum, Petitioners' Amended Petition does not establish that the arbitrator's decision falls into any of the "exceedingly narrow" circumstances where vacatur is appropriate. <u>Metromedia Energy, Inc. v. Enserch Energy Servs., Inc.</u>, 409 F.3d 574, 578 (3d Cir. 2005). Accordingly, the Court will **GRANT** Respondent's Motion to Dismiss Petitioners' Amended Petition to Vacate the Arbitration Award with prejudice.

O:\CIVIL 19\19-1677 Capital v. Telethorster\19cv1677 Memorandum 100219.docx

3